**MITCHELL ENERGY CORPORATION, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 77–3163.

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1978.

Frank P. Saponaro, Jr., Kevin P. Gallen, Washington, D. C., for petitioner.

Paul W. Mallory, Chicago, Ill., for Natural Gas Pipeline Co. of America.

Robert R. Nordhaus, Gen. Counsel, Howard E. Shapiro, Sol., Steven A. Taube, Philip R. Telleen, F. E. R. C., Washington, D. C., for respondent.

Before BROWN, GODBOLD and RONEY, Circuit Judges.

GODBOLD, Circuit Judge:

Mitchell Energy Corporation petitions for review of an order of the Federal Energy Regulatory Commission (FERC)[1] directing Mitchell to refund more than $9 million allegedly collected in excess of legally authorized rates. FERC determined Mitchell's refund obligation based on its interpretation of the mandate in *MacDonald v. FPC,* 164 U.S.App.D.C. 248, 505 F.2d 355 (1974), *cert. denied sub nom., George Mitchell & Associates v. MacDonald,* 421 U.S. 912, 95 S.Ct. 1568, 43 L.Ed.2d 778 (1975). We conclude that FERC incorrectly applied *MacDonald,* and we vacate and remand for further proceedings.[2]

Mitchell, a producer of natural gas, sought special relief from applicable area rates established in Opinion No. 607, Opinion and Order Determining Just and Reasonable Rates for Natural Gas Produced in the Other Southwest Area, 46 FPC 900 (1971), *on rehearing,* Opinion No. 607–A, 47 FPC 99 (1972), *aff'd, Shell Oil Co. v. FPC,* 484 F.2d 469 (CA5, 1973), *cert. denied sub nom., Mobil Oil Corp. v. FPC,* 417 U.S. 973, 94 S.Ct. 3180, 41 L.Ed.2d 1144 (1974). The Commission granted relief in Opinion No. 649, Opinion and Order Granting Special Relief and Terminating Proceedings, 49 FPC 424 (1973). Intervenors sought review of the order granting special relief, and the case was remanded for consideration of additional evidence as to Mitchell's costs and profits. *MacDonald v. FPC, supra.* After remand but prior to the Commission's resolution of the special relief issue the Commission approved Mitchell's request to withdraw its petition for special relief. At the same time the Commission set for hearing the question whether Mitchell would be required to refund any of the amounts collected pursuant to the special relief that had been granted by Opinion No. 649.

At the hearing on the refund question Mitchell submitted evidence relevant to its costs and profits during the period in which it had sold gas at special relief rates. The ALJ stated that the evidence submitted by Mitchell did not comply with the showing contemplated in *MacDonald.* He concluded that *MacDonald*

> clearly set forth the type of cost showing Mitchell is required to make to support its request for special relief. It follows perforce that the evidentiary requirements mandated in *MacDonald* with respect to special relief, must be controlling in the determination of the refund issue which arises directly from the special relief proceedings so far as it relates to costs and profits.

Presiding Administrative Law Judge's Initial Decision Determining Refund Obligation Upon Termination of Special Relief Proceeding, Docket No. RI 73–60 (Phase III), December 29, 1976, at 10. The ALJ further stated that Mitchell had "not met the burden of demonstrating by substantial evidence that its costs, revenues and profits in the . . . [relevant] area justified the special relief rate or a waiver of its refund obligation," *id.* at 20, and concluded that Mitchell should refund all amounts collected pursuant to the special relief order in excess of amounts Mitchell could have collected absent the special relief order.

FERC adopted the conclusion of the ALJ and denied rehearing.

1. The successor agency to the Federal Power Commission (FPC).

2. Because the FERC conclusion that refunds are required is, at this stage of the proceedings, without adequate basis in law, we do not reach the issue whether FERC abused its discretion in concluding that the equities do not support a waiver of Mitchell's refund obligation.

 FERC erred in treating the evidentiary requirements set out in *MacDonald* as controlling in this refund determination case. The court in *MacDonald* concluded that the special relief order was not supported by substantial evidence and addressed the nature of evidence necessary to substantiate special rate relief. The present proceeding is to determine whether Mitchell collected amounts in excess of just and reasonable rates, and if so how much, and whether Mitchell should be required to refund any or all of any excess. Nothing in *MacDonald* itself supports the conclusion by the ALJ, adopted by FERC, that the *MacDonald* evidentiary standards for special rate relief "must be controlling" as a plenary rule of evidence in this refund case.

FERC's interpretation of *MacDonald* as controlling led it to depart from the evidentiary standards by which just and reasonable rates and refund obligations ordinarily are determined. An agency must either conform itself to its prior decisions or explain the reason for its departure. *Secretary of Agriculture v. U. S.,* 347 U.S. 645, 74 S.Ct. 826, 98 L.Ed. 1015 (1954); *NLRB v. Sunnyland Packing Co.,* 557 F.2d 1157, 1160 (CA5, 1977). *See Frozen Food Express, Inc. v. U. S.,* 535 F.2d 877 (CA5, 1976). The reasons given in this instance are not acceptable. This conclusion makes it unnecessary for us to consider Mitchell's argument that it was deprived of due process because the ALJ applied the *MacDonald* standards only after Mitchell, in the expectation that usual standards for refund cases would be applied, had prepared and submitted its evidence.

VACATED and REMANDED.